UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA HYUNG KIM,<br>　　　　　Plaintiff,<br>　　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　　Defendant. | Case No. CV 17-3391-KK<br><br>AMENDED MEMORANDUM AND ORDER |

Plaintiff Anna Hyung Kim ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED, and this action is REMANDED for further proceedings consistent with this Order.

**I.**

**PROCEDURAL HISTORY**

On October 29, 2013, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of November 1, 2012. Administrative Record ("AR") at 173-

78, 179-87, 195. Plaintiff's applications were denied initially on May 12, 2014, and upon reconsideration on August 15, 2014. Id. at 104-08, 112-14.

On October 14, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 120-22. On December 17, 2015, Plaintiff appeared with counsel and testified at a hearing with the assistance of a Korean-language interpreter before the assigned ALJ. Id. at 33-38, 48-49. A medical expert ("ME") and a vocational expert ("VE") also testified at the hearing. Id. at 38-48. On January 26, 2016, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 19-32.

On March 6, 2016, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 15. On March 7, 2016, the Appeals Council denied Plaintiff's request for review. Id. at 1-7.

On May 4, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on January 2, 2018. Dkt. 17, JS.

## II.

## **PLAINTIFF'S BACKGROUND**

Plaintiff was born on August 12, 1957, and her alleged disability onset date is November 1, 2012. AR at 50, 172-73, 179. She was fifty-five years old on the alleged disability onset date and fifty-eight years old at the time of the hearing before the ALJ. Id. at 33, 50, 173, 179. Plaintiff's primary language is Korean. Id. at 198, 277, 339, 385, 394, 431. Plaintiff has work experience as a cook's helper, a home attendant, and a "manager, retail" when she owned a Korean video rental store. Id. at 28, 47, 191, 227, 265. Plaintiff alleges disability based on obstructive hydrocephalus, status post shunt, numbness in the right leg, lower back pain, pressure in the neck and brain, memory/cognition loss, difficulty standing, and gait. Id. at 24, 50, 74, 232-35.

///

# III.
# **STANDARD FOR EVALUATING DISABILITY**

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A. STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 1, 2012, the alleged onset date." AR at 24.

**B. STEP TWO**

At step two, the ALJ found Plaintiff suffered from medically determinable severe impairments consisting of obstructive hydrocephalus, status post shunt. Id.

**C. STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 25

**D. RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift or carry 20 pounds occasionally, 10

4

pounds frequently, stand and walk 6 hours of an 8-hour work day. She is precluded from climbing ladders, ropes or scaffolds. She is precluded from working around hazardous machinery or at unprotected heights.

Id. at 25-26.

### E. STEP FOUR

At step four, the ALJ found Plaintiff is "capable of performing past relevant work as a home attendant and retail manager." Id. at 28. The ALJ, therefore, found Plaintiff not disabled and did not proceed to step five. Id.

## V.

## PLAINTIFF'S CLAIM

Plaintiff presents one disputed issue: Whether the ALJ's Step Four findings are supported by substantial evidence.

## VI.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) ("[A] reviewing court . . . may not affirm simply by isolating a 'specific

quantum of supporting evidence.'"). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which []he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885.

# VII.
# DISCUSSION

## A. THE ALJ'S STEP FOUR FINDINGS

At the hearing before the ALJ, the VE categorized Plaintiff's past relevant work as a cook's helper, a home attendant in a facility, and a retail manager. AR at 46-47; see also Dictionary of Occupational Titles ("DOT") 317.687-010 (cook's helper), 1991 WL 672752; DOT 354.377-014 (home attendant), 1991 WL 672933; DOT 185.167-046 (manager, retail store), 1991 WL 671299.

The ALJ asked the VE about a hypothetical individual of Plaintiff's "age, educational background and vocational history" with various physical limitations. AR at 47. The ALJ asked whether the individual could perform Plaintiff's past work, and the VE answered, "Yes, the manager retail as performed and generally performed, and the home attendant as she performed it." Id. at 48. Plaintiff's counsel asked whether the hypothetical individual who is "distracted and . . . off task say 20 percent of the time" "because of continuous headaches" could

6

perform Plaintiff's past work,[2] and the VE answered, "No, no work."  Id.  The ALJ asked the VE if her testimony was consistent with the DOT, and the VE answered, "Other than the being off task, and that comes from reading journal articles."  Id.

Based on the VE's testimony, the ALJ concluded Plaintiff could perform her past work as a "home attendant" as it was actually performed, but not as the job is generally performed.  Id. at 28.  The ALJ also concluded Plaintiff could perform her past work as a "manager, retail" as "actually and generally performed."  Id.

**B.  APPLICABLE LAW**

Although the burden of proof lies with the claimant at step four, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).  An ALJ's determination that a claimant has the RFC to perform her past relevant work must contain a finding of fact as to the physical and mental demands of the past job, and that the claimant's RFC would permit a return thereto.  SSR 82-62, 1982 WL 31386, at *4 (S.S.A. 1982);[3] see also Soria v. Callahan, 16 F. Supp. 2d 1145, 1151 (C.D. Cal. 1997) ("At step four, the ALJ is obliged to ascertain the demands of the claimant's former work and to compare those demands with present capacity.").  The ALJ may utilize a VE to assist in this determination.  See 20 C.F.R. § 404.1560(b)(2).

When a VE provides evidence about the requirements of a claimant's past job, the ALJ has "an affirmative responsibility to ask about any possible conflict" between that testimony and the DOT, and to obtain a reasonable explanation for any deviation.  SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000).  An

---

[2] Plaintiff does not raise the issue of her ability to be on task before this Court.
[3] Social Security Rulings ("SSR") do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations" and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

7

ALJ does not make the requisite factual findings if he fails to inquire whether the VE's testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).

Where a VE's testimony apparently conflicts with the DOT, the ALJ must resolve the conflict before relying on the VE's testimony and "must explain the resolution of the conflict irrespective of how the conflict was identified." SSR 00-4p, 2000 WL 1898704, at *4. Accordingly, where a VE incorrectly testifies there is no conflict, but evidence from a VE "appears to conflict with the DOT, SSR 00-4p requires further inquiry: an ALJ must obtain 'a reasonable explanation for the apparent conflict.'" Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008); Riad v. Colvin, No. EDCV 13-1720-RNB, 2014 WL 2938512, at *6 (C.D. Cal. June 30, 2014). Thus, the ALJ errs if he fails to obtain a reasonable explanation to resolve an apparent conflict -- even if the VE did not identify the conflict. See Hernandez v. Astrue, No. CV10-3142 AJW, 2011 WL 223595, at *2-5 (C.D. Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, No. CV 09-6971-SH, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010).

In addition, an "ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015). An ALJ's failure to resolve an apparent conflict cannot be deemed harmless if the VE's testimony left "unresolved potential inconsistenc[ies] in the evidence." See Massachi, 486 F.3d at 1153, 1154 n.19 (alteration in original).

**C.  WAIVER**

As a preliminary matter, the Commissioner cites Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), and argues Plaintiff waived the issue of the step four analysis by failing to raise it at the administrative hearing at which she was represented by counsel. JS at 12. However, the Supreme Court has called this finding into question, holding that a "judicially created issue-exhaustion

8

requirement is inappropriate" in Social Security cases because the reasons for applying this requirement are much weaker in these types of cases. Sims v. Apfel, 530 U.S. 103, 112, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). Indeed, plaintiffs "need not preserve issues in proceedings before the Commissioner or her delegates." Norris v. Colvin, No. EDCV 12-1687 RNB, 2013 WL 5379507, at *3 (C.D. Cal. Sept. 25, 2013); see also Sims, 530 U.S. at 112 ("Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."). Accordingly, the Court will proceed to the merits of Plaintiff's claim.

**D. ANALYSIS**

    **1. The ALJ Erred by Failing to Resolve Ambiguities as to Whether Plaintiff's Past Work as a Home Attendant Constitutes Substantial Gainful Activity**

A job may be considered past relevant work when it was done within the last fifteen years, lasted long enough for the claimant to learn how to do it, and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.965(a). Substantial gainful activity ("SGA") means work that (a) involves doing significant and productive physical or mental duties; and (b) is done (or intended) for pay or credit. 20 C.F.R. §§ 404.1510, 416.972(a). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). If a plaintiff's earnings average below the monthly amount deemed to constitute substantial gainful activity, the "presumption that arises from low earnings shifts the step-four burden of proof from the [plaintiff] to the Commissioner . . . [to] point[ ] to substantial evidence, aside from earnings, that the [plaintiff] has engaged in substantial gainful activity." Lewis, 236 F.3d at 515; see also 20 C.F.R. §§ 404.1574, 416.974. The regulations list five other factors the ALJ may consider to rebut the presumption of earnings: the nature of the work performed, how well the claimant performed the work, if the

9

work was done under special conditions, if the claimant was self-employed, and the amount of time spent at work. 20 C.F.R. §§ 404.1573, 416.973; see also Lewis, 236 F.3d at 515-16.

While a plaintiff bears the burden of proving she is unable to perform her past relevant work, the ALJ has an independent "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). This duty extends to the represented as well as the unrepresented claimant. Id. (noting ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel).

Here, Plaintiff worked as a home attendant during 2008. AR at 191, 230. In 2008, the "monthly amount deemed to constitute substantial gainful activity" was $940.00. Office of the Comm'r, Cost-of-Living Increase and Other Determinations for 2008, 72 FR 60703-02, 2007 WL 3095280; see also Soc. Sec., Automatic Determinations in Recent Years, https://www.ssa.gov/oact/COLA/autoAdj.html. The record is unclear if Plaintiff earned $9,288.72 over the course of 12 months as provided by the Commissioner in Plaintiff's Detailed Earnings Reports (i.e. averaging $774.06 per month); or if Plaintiff earned $9,888.72 as indicated in Plaintiff's Disability Report (i.e. averaging $824.06 per month). AR at 191, 227, 230; see also JS at 5-6. Regardless, because Plaintiff's earnings in 2008 averaged below $940.00 (i.e. either $774.06 or $824.06 per month), the burden shifted to the ALJ to identify substantial evidence that the Plaintiff engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1574, 416.974; Lewis, 236 F.3d at 515. However, the ALJ offered no evidence to rebut the presumption that Plaintiff had not engaged in substantial gainful activity, and thus had not engaged in past relevant work.

The Commissioner argues "even if Plaintiff has presented an accurate monthly accounting, which she has not, the amount of a claimant's earnings is only

a presumptive, but not a conclusive, indicator of SGA." JS at 13. The Commissioner argues that the agency's report indicates Plaintiff earned a total of $27,492.72 for 2008, a portion of which ($9,288.72) was for the home attendant job, and a portion of which was for the employer Dooballo. Id. at 13-14 (citing AR at 191). The Commissioner states "[t]here was no other evidence to support that Plaintiff worked every month in 2008 as a home attendant, or that her earnings were exactly the same every month." Id. at 14. The Commissioner further argues that "[t]he fact that Plaintiff had substantial other earnings at a second job in 2008 suggests that her work as a home attendant likely was *not* for the entire year." Id.

However, the Commissioner's speculative arguments were not conclusions reached by the ALJ based on evidence in the record. The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630. Here, the record contains inconsistent and/or ambiguous information that the ALJ was required to resolve. See Zavalin, 778 F.3d at 846 ("ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence."). Furthermore, the ALJ did not point to substantial evidence, aside from earnings, that Plaintiff engaged in substantial gainful activity, (i.e., the nature of Plaintiff's work, how well Plaintiff performed the work, if Plaintiff's work was done under special conditions, if Plaintiff was self-employed, and the amount of time Plaintiff spent at work). See C.F.R. §§ 404.1574, 416.974; Lewis, 236 F.3d at 515-16.

Accordingly, the ALJ erred by failing to resolve the ambiguities in the record regarding Plaintiff's work as a home attendant and to make findings to support his determination that Plaintiff's previous work was performed at the level of substantial gainful activity at any time.

///

///

## 2. The ALJ Erred by Failing to Make Proper Findings Regarding Plaintiff's English Literacy

### a. Additional Relevant Facts

Plaintiff previously owned a Korean video rental store, which the VE classified as past work experience as a "manager, retail." Id. at 28, 47, 227, 265. In response to the ALJ's hypothetical, the VE testified that an individual could perform Plaintiff's past relevant work of "manager retail as performed and generally performed." AR at 48. The DOT for a "manager, retail" indicates the following is expected from an individual:

> Language: Level 4 –
> READING: Read novels, poems, newspapers, periodicals, journals, manuals, dictionaries, thesauruses, and encyclopedias.
> WRITING: Prepare business letters, expositions, summaries, and reports, using prescribed format and conforming to all rules of punc[t]uation, grammar, diction, and style.
> SPEAKING: Participate in panel discussions, dramatizations, and debates. Speak extemporaneously on a variety of subjects.

DOT 185.167-046, 1991 WL 671299.

### b. Analysis

Social Security regulations take into account English literacy and the ability to communicate in English when determining a claimant's education as a vocational factor.[4] 20 C.F.R. § 404.1564(b)(5). The ability to communicate in

---

[4] The Commissioner argues the regulations expressly state that at step four, the Commissioner "will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy," and the vocational factor of education includes English literacy. JS at 15 (quoting 20 C.F.R. § 404.1560(b)(3)). The Commissioner further argues "[b]ecause literacy is not considered at step four . . . Plaintiff's arguments regarding the extent of Plaintiff's ability to communicate in English are irrelevant." Id. at 16. However, because Plaintiff also asserts that the ALJ erred at step four because the VE's testimony conflicted with the DOT, the ALJ and this Court must consider Plaintiff's language ability. See Pinto v. Massanari, 249 F.3d 840, 846-47 (9th Cir. 2001) (finding the ALJ erred in "fail[ing] to explain how th[e English

English is specifically important because "English is the dominant language of [this] country" and as such, retaining a job may be difficult for someone without English skills "regardless of the amount of education the person may have in another language." Id. It is the Commissioner's burden to establish that a claimant is literate in English. Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000) (en banc).

Here, the disability report indicates Plaintiff's primary language is Korean. AR at 198. When Plaintiff was interviewed for her disability application, Plaintiff's daughter acted as an interpreter. Id. at 196. Plaintiff's daughter further indicated that Plaintiff cannot speak and understand, read, or write more than her name in English. Id. There is also evidence that Plaintiff required an interpreter during the course of her medical treatment and to consent for surgery. Id. at 277, 339, 429, 431. Both of Plaintiff's consultative examiners utilized an interpreter because Plaintiff "spoke Korean" and did "not speak English." Id. at 385, 394. In fact, when an interpreter did not appear for Plaintiff's psychological consultation, it was rescheduled. Id. at 54. In addition, Plaintiff testified at the administrative hearing with the assistance of a Korean interpreter, and the ALJ specifically recognized that Plaintiff answered "No," to the question whether she was currently working "without the help of an interpreter." Id. at 26, 33, 36-37.

Despite the well-documented record of Plaintiff's English literacy limitations, the ALJ failed to determine whether or not Plaintiff was literate in English. See Silveira, 204 F.3d at 1261 (en banc panel unanimously remanded case where the ALJ failed to make an express finding of the plaintiff's English literacy

---

literacy] limitation related to [the ALJ's] finding" that plaintiff could perform her past relevant work as generally performed at step four); Chaoprasrihomkhao v. Berryhill, No. 1:16-CV-01778-JLT, 2018 WL 287303, at *4 n.3 (E.D. Cal. 2018) (noting "both the ALJ and the Court must consider [p]laintiff's language ability" despite Commissioner's argument that the ALJ was not required to consider plaintiff's language ability at step four because plaintiff also asserted the ALJ erred in relying on the VE's testimony that conflicted with the DOT).

and there was insufficient evidence in the record to determine plaintiff's English literacy). The ALJ then compounded this failure by omitting any reference to Plaintiff's limited language skills in the hypotheticals presented to the VE. While the ALJ referred to Plaintiff's "educational background" in the hypothetical, the ALJ failed to present hypotheticals to the VE referencing Plaintiff's limited language skills. Where the ALJ "fails to present hypotheticals to the VE that accurately reflect all of the claimant's relevant characteristics, it does not become the VE's burden to correct the ALJ and utilize characteristics that the VE observes at the hearing," i.e. using an interpreter. Amezcua v. Berryhill, No. CV 16-6204-PLA, 2017 WL 3253491, at *7 (C.D. Cal. July 31, 2017).

Because Plaintiff's English language level was not established, there is an apparent conflict between the DOT and the VE's testimony that Plaintiff could perform work as a "manager, retail" that required a Language Level 4. See Pinto, 249 F.3d at 846 ("Another matter of concern is the ALJ's failure to clarify how [plaintiff's] language and literacy abilities factored into his analysis that [plaintiff] could perform her past relevant work, given that the [DOT] description required language ability above that possessed by [plaintiff]."). The ALJ erred in failing to obtain a reasonable explanation to resolve the apparent conflict. See Overman, 546 F.3d at 463; Riad, 2014 WL 2938512, at *6; Hernandez, 2011 WL 223595, at *2-5; Mkhitaryan, 2010 WL 1752162, at *3. This unresolved conflict is particularly significant because Plaintiff's prior work as a "manager, retail" was at a Korean video rental store where it was likely that she communicated to both customers and employees in Korean. Hence, the ALJ's failure to resolve this apparent conflict cannot be deemed harmless because the VE's testimony left "unresolved potential inconsistenc[ies] in the evidence." See Massachi, 486 F.3d at 1153, 1154 n.19 (alteration in original).

///

///

14

# VIII.
# **RELIEF**

## A. APPLICABLE LAW

"When an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Hill, 698 F.3d at 1162. "We may exercise our discretion and direct an award of benefits 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'" Id. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id.; see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

In this case, the record has not been fully developed regarding Plaintiff's ability to perform her past relevant work. In light of the ambiguities in the record regarding Plaintiff's earning history as a home attendant, the matter will be remanded so a proper finding can be made as to whether Plaintiff's prior work as a home attendant constitutes "substantial gainful activity." Additionally, further development of the record is necessary to resolve an apparent conflict between the VE's testimony and the language levels required under the DOT to resolve whether Plaintiff could perform her past work as a manager. Accordingly, remand for further proceedings is appropriate.

///
///
///
///

## IX.
## **CONCLUSION**

For the foregoing reasons, it is ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: January 30, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge