UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA HYUNG KIM, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 17-3391-KK <br><br> ORDER DENYING PETITION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

**I.**

**INTRODUCTION**

On May 2, 2018, Plaintiff's counsel, Cyrus Safa of the Law Offices of Lawrence D. Rohlfing ("Counsel") filed a Petition for Attorneys' Fees Under the Equal Access to Justice Act ("Petition"). ECF Docket No. ("Dkt.") 21. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. section 636(c). Dkts. 11, 12. For the reasons stated below, the Court DENIES the Motion.

///
///
///
///

## II.
## **RELEVANT BACKGROUND**

On May 4, 2017, Plaintiff Anna Hyung Kim ("Plaintiff") filed the Complaint ("Complaint") in this action seeking to reverse the decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's application for disability insurance benefits and supplemental security income. Dkt. 1, Compl.

On May 30, 2017, Plaintiff consented to proceed before a Magistrate Judge. Dkt. 11. On June 9, 2017, Defendant consented to proceed before a Magistrate Judge. Dkt. 12. Hence, on June 12, 2017, the case was reassigned to the undersigned Magistrate Judge for all purposes. Dkt. 13.

On January 25, 2018, the Court issued a Memorandum and Order finding Defendant (1) "erred by failing to resolve the ambiguities in the record regarding Plaintiff's work as a home attendant and to make findings to support his determination that Plaintiff's previous work was performed at the level of substantial gainful activity at any time"; and (2) erred by failing to make proper findings regarding Plaintiff's English literacy. Dkt. 18, January 25, 2018 Order at 11, 12. The Court concluded that "[f]or the foregoing reasons, it is recommended that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order." Id. at 16. That same day, the Court entered Judgment stating "IT IS ADJUDGED that the decision of the Commissioner of the Social Security Administration is REVERSED, and this action is REMANDED for further administrative proceedings" pursuant to Sentence 4 of 42 U.S.C. § 405(g). Dkt. 19, Judg. The matter was, thus, closed. Id.

On January 30, 2018, the Court issued an Amended Order to reflect the fact that the parties had previously consented to the undersigned Magistrate Judge by concluding "[f]or the foregoing reasons, it is ORDERED that judgment be entered

REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order." Dkt. 20, Amended Order at 16. The substance of the January 25, 2018 Order remained the same in the Amended Order. Compare Dkt. 18, January 25, 2018 Order with Dkt. 20, Amended Order.

On May 2, 2018, Counsel filed a Petition for Attorneys' Fees under the Equal Access to Justice Act ("Petition"). Dkt. 21, Pet. at 1. Counsel argued his petition was timely filed because he "calculated the final judgment date from January 30, 2018." Id. at 5.

On May 22, 2018, Defendant filed an opposition, arguing Plaintiff's Petition was untimely because the final judgment date should be calculated from January 25, 2018. Dkt. 22, Opp. at 3.

## III.
## DISCUSSION
## PLAINTIFF'S COUNSEL IS NOT ENTITLED TO FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BECAUSE COUNSEL'S PETITION IS UNTIMELY

### A. APPLICABLE LAW

Under the Equal Access to Justice Act, "[a] party seeking an award of fees and other expenses shall, within thirty days of the final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). "[W]hen the time for seeking appellate review has run," the Court's judgment remanding for further proceedings becomes a "'final judgment' as used in § 2412(d), which is defined to mean 'a judgment that is final and not appealable.'" 28 U.S.C. § 2412(d)(2)(G); Shalala v. Schaefer, 509 U.S. 292, 298, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). An appealing party has sixty-days after entry of the judgment or order appealed to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B); Hoa Hong Van v. Barnhart, 483 F.3d 600, 607 (9th Cir. 2007) (concluding a judgment becomes final in a social security matter "when the 60-day

post-judgment appeal period has run"). If a party timely files a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A)(iv).

The period for review is not tolled every time a judgment is revised "in an immaterial way". FTC v. Minneapolis-Honeywell Regulator, Co., 344 U.S. 206, 211-12, 73 S. Ct. 245, 97 L. Ed. 245 (1952). Instead, the period is tolled "when the lower court changes matters of substance, or resolves a genuine ambiguity" in a prior judgment. Id. at 211. "The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." Id. at 212. "If the later judgment is entered merely to correct a 'true clerical error,' the date of judgment is not affected." United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 701 (9th Cir. 1984). "Where the amendment is a 'material change' that affects the parties' rights or the decision to appeal, the judgment on the motion to amend does initiate a new appeal period." Id.

For instance, in County of Imperial v. United States, the district court amended the judgment twice. In the first amended judgment, the court added a description of a second parcel to the real property described in the original judgment. Id. In the second amended judgment, the court corrected a "clerical error," and changed a March 8, 1959 date to March 1, 1959. Id. The Ninth Circuit held the first amended judgment revised the judgment in a "material" way by altering the "true date of the entry of the judgment." Id. In contrast, the Ninth Circuit found the second amended judgment was "immaterial," because it simply corrected a "true clerical error," and thus "affected no parties' rights." Id.
///
///
///

**B.    ANALYSIS**

Here, Counsel failed to timely file the instant Motion.  The Court issued Judgment reversing Defendant's decision denying Plaintiff's benefits and remanded the matter for further administrative proceedings on January 25, 2018.  Dkt. 9.  No amended judgment was ever issued.  Plaintiff's judgment, thus, became final on March 26, 2018 – sixty days after the Court's Judgment on January 25, 2018.  See Judg.  Hence, Counsel had thirty days, until April 25, 2018, to file a motion for EAJA fees.  See 28 U.S.C. § 2412(d)(1)(B).  The Motion, which was not filed until May 2, 2018, is untimely by seven days.

Counsel cites to Barry v. Bowen, 825 F.2d 1324, 1328-29 (9th Cir. 1987) for the proposition that equitable tolling is warranted "where the fee applicant reasonably relied on the district court's amended judgment in assuming the deadline for appeal ran from the amended judgment rather than the original judgment".  Pet. at 5-6.  Barry, however, is distinguishable because the amended order changed the initial judgment in a "material way."  In Barry, the court's initial judgment concluded: "The determination of the Secretary is reversed and remanded."  825 F.2d at 1328-29.  The Secretary then filed a "Motion for Clarification" seeking clarification of the court's order "in regard to whether benefits are to be awarded at this time or whether additional administrative proceedings are to be conducted."  Id.  Following the motion, the district court modified its judgment to state: "For the sake of clarification, IT IS HEREBY ORDERED that the case is remanded to the Secretary for the limited purpose of effectuating the payment of Social Security disability insurance benefits to the plaintiff."  Id.  Because the modified judgment clarified a substantive issue, the Ninth Circuit found the date of the amended judgment was the date when the time for appeal began to run.  Id.

In contrast to Barry, here, there was no amended judgment.  Further, the Court's change in the Amended Order is similar to the "clerical" change in the

5

first amended judgment in County of Imperial and unlike the "material change" in the second amended judgment in County of Imperial or the first amended judgment in Barry. First, the Amended Order did not "disturb[] or revise[] legal rights and obligations" of the parties. See FTC, 344 U.S. at 211. The parties were aware of the correct judgment as described in the Judgment, without the "recommending" language of the January 25, 2018 Order, when the Judgment went out on the same day. Significantly, the parties had consented (and the case had been reassigned to the undersigned Magistrate Judge) over six months prior to the issuance of the January 25, 2018 Order. Thus, the parties were well aware that the "recommending" language was simply a clerical mistake. Second, the Amended Order on January 30, 2018 merely tracked the language of the Judgment. Compare Dkt. 20, Amended Order with Dkt. 19, Judg. The Amended Order did not create any new rights for the parties, give parties any reason to change their decision whether or not to appeal, modify the Judgment in any way, or resolve any genuine ambiguity in the January 25, 2018 Order. Third, unlike Barry where a party filed a motion for the court to amend seeking clarification on matters of substance, the Court, on its own accord, issued the Amended Order to clarify matters already known to the parties. Finally, unlike the first amended judgment in County of Imperial where the amendment materially altered parties' rights by adding a second parcel to real property described in the initial judgment, the Amended Order adds nothing that was not already stated to the parties in the Judgment. As such, January 25, 2018, the date of the Judgment, was the correct day for parties to use to calculate the final judgment date.

As Counsel filed the instant Petition seven days after the deadline passed, the Court finds the Motion untimely and consequently denies the request for EAJA fees. See Arulampalam v. Gonzales, 399 F.3d 1087, 1089 (9th Cir. 2005) ("We have held that the thirty day limitation period under the EAJA for submitting fee applications . . . should be narrowly construed, as it is a waiver of sovereign

immunity." (internal citation and quotations omitted)); <u>Moua v. Colvin</u>, No. 1:13-CV-00373-BAM, 2015 WL 3991170, at *2 (E.D. Cal. June 30, 2015) (denying a motion for EAJA fees that was filed one day after the filing deadline passed).

## IV.
## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's Counsel's Petition for Attorneys' Fees Under the Equal Access to Justice Act is DENIED.

Dated: June 18, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge